UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

ELISA RUBINI, and other similarly situated individuals,

        Plaintiffs,

v.

BLOOMINGDALE'S, INC.,

        Defendant.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

The Plaintiff, ELISA RUBINI, and other similarly situated individuals, sue the Defendant, BLOOMINGDALE'S, INC., and allege:

1. This is an action to recover money damages for unpaid minimum wages and for retaliation under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiff, ELISA RUBINI ("RUBINI" or "Plaintiff"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. RUBINI is a covered employee for purposes of the Act.

4. Defendant, BLOOMINGDALE'S, INC. ("Defendant"), is a Foreign Profit corporation, having its main place of business in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

## COUNT I: WAGE AND HOUR FEDERAL (FLSA)
## STATUTORY VIOLATION BY *RUBINI* AGAINST *DEFENDANT*

5. RUBINI re-adopts each and every factual allegation as stated in paragraphs 1 through 4 above as if set out in full herein.

6. This action is brought by RUBINI, and those similarly situated, to recover from Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

7. 29 U.S.C. § 206(a)(1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

8. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

9. In Florida, the minimum wage from in 2015 and in 2016 was $8.05 per hour.

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or RUBINI, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11.   By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or RUBINI, and those similarly situated, were engaged in interstate commerce for Defendant. Defendant's business activities involve those to which the Act applies. Defendant is a department store at the Aventura Mall in North Miami-Dade that operates a restaurant and, through its business activity, affects interstate commerce. RUBINI's work for Defendant likewise affects interstate commerce. RUBINI was employed by Defendant as a server for Defendant's business. As a server, RUBINI was a "tipped" employee.

12.   While employed by Defendant, RUBINI routinely worked approximately 30-42 hours per week without being paid all of her minimum wages. Specifically, Plaintiff performed approximately one or two daily hours of truly "tipped" work serving customers of the Defendant. However, Plaintiff spent the rest of her shift (4-6 hours) performing "non-tipped" work for which she received absolutely no tips and only $5.00 per hour. The "non-tipped" work Plaintiff performed was not "side work"; it was general maintenance work. This is a violation of the "tip credit" rules and as a result, Plaintiff is entitled to full minimum wage for this work. *See for instance,* Ash v. Sambodromo, LLC, 676 F. Supp. 2d 1360, 1369 (S.D. Fla. 2009) ("Unless the

employer satisfies its burden of showing the applicability of the tip credit, the employee is entitled to the full minimum wage for every hour worked").

13.     In addition, for her tipped work, Defendant paid Plaintiff only $5.00 per hour when federal law mandates that an employer only take $3.02 as a "tip credit." Thus, for her tipped work, Plaintiff should have been paid $5.03 per hour and not $5.00 ($8.05 minimum wage minus $3.02).

14.     RUBINI was employed as a server, performing the same or similar duties as that of those other similarly situated servers whom RUBINI observed working for the Defendant and not getting paid their full minimum wages.

15.     RUBINI seeks to recover unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

16.     Prior to the completion of discovery and to the best of RUBINI's knowledge, at the time of the filing of this Complaint, RUBINI's good faith estimate of her unpaid wages is as follows:

   a. **Minimum Wages**

   $8.05 - $5.00 = $3.05 x 40 (approximate hours worked) x 29 (compensable weeks) = $3,538

   b. **Liquidated Damages**: $3,538

   c. **Grand Total**: $7,076 plus attorney's fees and costs.

17.     At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that RUBINI, and those similarly situated, performed services for the Defendant and the Defendant failed to properly pay them at the correct rate provided in the Act and federal regulations. The additional persons who may

become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not properly paid minimum wages.

18. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing RUBINI, and those similarly situated, these minimum wages since the commencement of RUBINI's, and those similarly situated employees' employment with Defendant as set forth above, and RUBINI, and those similarly situated, are entitled to recover double damages.

19. Defendant willfully and intentionally refused to pay RUBINI minimum wages as required by the laws of the United States as set forth above and remains owing RUBINI these minimum and overtime wages since the commencement of RUBINI's employment with Defendant as set forth above.

20. RUBINI has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, RUBINI, and those similarly situated, request that this Honorable Court:

A. Enter judgment for RUBINI, and other similarly situated, and against Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award RUBINI actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty per week, with interest; and

    C.    Award RUBINI an equal amount in double damages/liquidated damages; and

    D.    Award RUBINI reasonable attorneys' fees and costs of suit; and

    E.    Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

RUBINI, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

## COUNT II: FEDERAL (FLSA) STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) – RETALIATORY DISCHARGE

21.    RUBINI re-adopts each and every factual allegation as stated in paragraphs 1 through 20 above as if set out in full herein.

22.    Defendant willfully and intentionally refused to pay RUBINI her legally owed wages as required by the laws of the United States and remains owing RUBINI these wages as set forth above.

23.    29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to **discharge** or **in any manner discriminate** against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or *related to this chapter*, or has testified or is about to testify in such proceeding . . . ." (emphasis added)

24.    Close to May of 2016, RUBINI verbally complained to her supervisor, Liz Colette, that she should get paid full minimum wages (and not $5.00 per hour only) for the time she spent performing non-tipped work.

25.    In response, the Defendant fired Plaintiff on or about May 19, 2015.

26.    The motivating factors, which caused Plaintiff's termination as described above, was her complaint seeking proper payment of minimum wages under the law. In other words, RUBINI would not have been terminated but for her complaint about unpaid minimum wages.

27. Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, RUBINI requests that this Honorable Court:

A. Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Order reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, and award damages for emotional distress and humiliation, pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: June 20, 2016.

By: ___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile: (888) 270.5549